Aime Dempsey    **JUDGE ENGELMAYER**
Diana Costantino Gomprecht
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
212-351-4500
Attorneys for Defendant Daniel I. DeWolf



14 CV 3578

RECEIVED
MAY 1 0 2014
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID DELONG,

                      Plaintiff,

         – against –

ALVAREZ & MARSAL, LLC, MESSAGEMIND LLC,
MESSAGEMIND, INC., MESSAGEMIND
MANAGEMENT, INC., C-MAIL CORP., MANISH
SOOD, VICTOR ALVAREZ, ALAIN
OBERROTMAN, MONICA ALVAREZ-MITCHELL,
MICHAEL J. SHER, TONY ALVAREZ II, ESQ., AL
LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I.
DEWOLF, ESQ., and "John Does "1-10",

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ.

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK:

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Daniel I. DeWolf, by his attorneys,

Epstein Becker & Green, P.C., respectfully seeks to remove this action from the Supreme Court

of the State of New York, County of New York, to the United States District Court for the

Southern District of New York.  As reasons therefor, Mr. DeWolf states as follows:

<u>**THE STATE COURT ACTION**</u>

    1.    Plaintiff David DeLong served the summons and complaint in an action pending

in the Supreme Court of the State of New York, County of New York (the "Action") on Mr.

FIRM:25221128v1

DeWolf on or about April 24, 2014.  Mr. DeLong was personally served with the Summons and Complaint by a process server and was mailed a copy thereafter.  A copy of the summons and complaint is attached as Exhibit A.

2.      Upon information and belief, no other defendants have been served in this action.

3.      Upon information and belief, plaintiff resides in the County of Orange, State of New York.

4.      As set forth more fully below, plaintiff's complaint seeks recovery of the sum of $144,369.32, representing double his allegedly unpaid wages, plus interest and attorneys' fees.

5.      The Action is removable from the Supreme Court to this Court pursuant to 28 U.S.C. § 1441(a), because the complaint raises claims under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331.

## BASIS FOR REMOVAL

6.      Plaintiff alleges that he was employed at all relevant times by defendants, including Mr. DeWolf.

7.      Plaintiff has asserted eight causes of action against Mr. DeWolf and the other defendants, including a cause of action under the Fair Labor Standards Act ("FLSA").

8.      Because plaintiff claims unpaid wages under the FLSA, a federal statute, defendants may remove to this Court pursuant to 28 U.S.C. § 1441(a).

9.      This notice has been filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.  Mr. DeWolf received the summons and complaint on or about April 24, 2014.

10.     Upon the filing of this notice, Mr. DeWolf will give written notice to plaintiff's attorney and will file a copy of this notice with the Clerk of the Court, New York Supreme Court, County of New York.

FIRM:25221128v1

WHEREFORE, defendant Daniel I. DeWolf respectfully requests that the Action now pending in the Supreme of the State of New York, County of New York, be removed to this Court.

New York, New York
May 19, 2014

EPSTEIN BECKER & GREEN, P.C.

By: _Aime Dempsey_____

Aime Dempsey
adempsey@ebglaw.com
Diana Costantino Gomprecht
dcostantino@ebglaw.com
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Daniel I. DeWolf

3

# Exhibit A

Case 1:14-cv-03578-PAE Document 2 Filed 05/19/14 Page 5 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

DAVID DELONG

                         **Plaintiff,**

           **-against-**

**ALVAREZ & MARSAL LLC, MESSAGEMIND LLC,
MESSAGEMIND, INC., MESSAGEMIND
MANAGEMENT, INC., C-MAIL CORP., MANISH SOOD,
VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA
ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY
ALVAREZ II, ESQ., AL LAKHANI, ESQ., JOSEPH
KAIDANOW, DANIEL I. DEWOLF, ESQ.,
and "John Does "1-10",**

                         **Defendants.**

-------------------------------------------------------------------X

Index No.: _____
Date Purchased: _____

Plaintiff designates New York
County as place of trial.

The basis of venue is:
Defendants' place of business

To the above-named Defendants:

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 16, 2014

                         Michael J. Romano
                         Romano & Associates
                         *Attorneys for Plaintiff*
                         220 Old Country Road
                         Mineola, New York 11501
                         (516) 248-8880

**Defendants' addresses:**

ALVAREZ & MARSAL LLC, 600 Madison Avenue, 8th Floor, New York, NY 10022
MESSAGEMIND LLC, One Penn Plaza, 36th Floor, New York, NY 10119
MESSAGEMIND, INC., One Penn Plaza, 36th Floor, New York, NY 10119
MESSAGEMIND MANAGEMENT, INC., One Penn Plaza, 36th Floor, New York, NY 10119
C-MAIL CORP., 666 3rd Avenue #24, New York, NY 10017
MANISH SOOD, One Penn Plaza, 36th Floor, New York, NY 10119

VICTOR ALVAREZ, 600 Madison Avenue, 8th Floor, New York, NY 10022
ALAIN OBERROTMAN, One Penn Plaza, 36th Floor, New York, NY 10119
MONICA ALVAREZ-MITCHELL,MAlvarez@messagemind.com
MICHAEL J. SHER, One Penn Plaza, 36th Floor, New York, NY 10119
TONY ALVAREZ II, ESQ., 600 Madison Avenue, 8th Floor, New York, NY 10022
AL LAKHANI, ESQ., 600 Madison Avenue, 8th Floor, New York, NY 10022
JOSEPH KAIDANOW, One Penn Plaza, 36th Floor, New York, NY 10119
DANIEL I. DEWOLF, ESQ., 666 3rd Avenue #24, New York, NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

DAVID DELONG

Plaintiff,

-against-

ALVAREZ & MARSAL LLC, MESSAGEMIND LLC,
MESSAGEMIND, INC., MESSAGEMIND
MANAGEMENT, INC., C-MAIL CORP., MANISH SOOD,
VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA
ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY
ALVAREZ II, ESQ., AL LAKHANI, ESQ., JOSEPH
KAIDANOW, DANIEL I. DEWOLF, ESQ.,
and "John Does "1-10",

Defendants.
------------------------------------------------------------------------X

Index No.: _____
Date Filed: _____

VERIFIED COMPLAINT

The Plaintiff, DAVID DELONG, (hereinafter referred to as "DELONG" or "Plaintiff")

through his attorneys, Romano & Associates, respectfully alleges as follows:

## NATURE OF THE CLAIM

1. These claims for relief are brought by the Plaintiff in connection with a scheme

pursuant to which Defendants withheld from the Plaintiff, the Plaintiff's wages.

2. This action is further maintained pursuant to the New York Labor Law § 191 et seq.

seeking actual and liquidated damages, together with interest, costs, disbursements and attorney's

fees as permitted by statute.

3. This action is also maintained pursuant to the Federal Fair Labor Standards Act, 29

U.S.C §§ 201 et seq. ("FLSA") seeking actual and liquidated damages, together with interest,

costs, disbursements and attorney's fees as permitted by statute.

1

4. This action seeks actual damages resulting from said scheme and Defendants' breach of their agreement with the Plaintiff as it relates to the timely payment of wages earned and unpaid.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the New York State law claims because this case is brought under the New York State Labor Law.   This Court has supplemental jurisdiction over the Federal FLSA claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the State of New York, County of New York, because Defendants conduct business in the County of New York, and the acts and/or omissions giving rise to the claims herein allegedly took place in the County of New York.

## PARTIES

7. All Defendants are hereinafter collectively referred to as "Defendants".

8. Upon information and belief, Defendant ALVARAZ & MARSAL LLC was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, doing business in New York County, New York.

9. Upon information and belief, Defendant MESSAGEMIND LLC was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, in or about September 2012.

10.     MESSAGEMIND LLC's principal place of business is located within the County of New York, City and State of New York.

11.     Upon information and belief, from August 2011 to March 2014, MESSAGEMIND LLC was one of the employers of the Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

12.     C-MAIL CORP. was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, doing business in New York.

13.     Upon information and belief, C-MAIL CORP. was the predecessor corporation of MESSAGEMIND LLC,

14.     Upon information and belief, from August 2011 to March 2014, C-MAIL CORP. was one of the employers of the Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

15.     Defendant, MESSAGEMIND MANAGEMENT, INC. (hereinafter "MESSAGEMIND MGMT.") was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, in or about September 2012.

16.     Upon information and belief, from August 2011 to March 2014, MESSAGEMIND MGMT. was one of the employers of the Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

17.     Defendant, MESSAGEMIND, INC. was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of Delaware, in or about September 2012.

3

18.     Upon information and belief, from August 2011 to March 2014, MESSAGEMIND, INC. was one of the employers of the Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

19.     Upon information and belief, Defendant MANISH SOOD (hereinafter "SOOD") is domiciled in New York.  He is a managing member, Executive Officer and director of MESSAGEMIND LLC.  He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

20.     Upon information and belief, Defendant VICTOR ALVAREZ is domiciled in New York.  He is a managing member and director of MESSAGEMIND LLC.  He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

21.     Upon information and belief, Defendant MONICA ALVAREZ-MITCHELL is domiciled in New York. She is a managing member, director and Chief Marketing Officer of MESSAGE MIND LLC. She is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

22.     Upon information and belief, Defendant ALAIN OBERROTMAN is domiciled in New York.  He is a managing member and director of MESSAGEMIND LLC.  He is in active

control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

23.     Upon information and belief, Defendant DANIEL I. DEWOLF, ESQ. is domiciled in New York.  He is a managing member and director of MESSAGEMIND LLC.  He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

24.     Upon information and belief, Defendant ANTONIO ALVAREZ is domiciled in New York.  He is a managing member and director of MESSAGEMIND LLC.  He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

25.     Upon information and belief, Defendant AL LAKHANI, ESQ. is domiciled in New York.  He is a managing member and director of MESSAGEMIND LLC.  He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

26. Upon information and belief, Defendant JOSEPH KAIDANOW is domiciled in New York. He is a managing member and director of MESSAGEMIND LLC. He is in active control and management of MESSAGEMIND LLC, regulates the employment of persons employed by MESSAGEMIND LLC, acts directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and is thus an employer of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

27. Upon information and belief, Defendants MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL, AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" (hereinafter collectively referred to as "Members") were and remain members of MESSAGEMIND LLC.

28. Upon information and belief, Members are in active control and management of MESSAGEMIND LLC, regulate the employment of persons employed by MESSAGEMIND LLC, act directly and indirectly in the interest of MESSAGEMIND LLC in relation to the employees, and are thus employers of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

29. Upon information and belief, Defendants MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL, AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" (hereinafter collectively referred to as "Shareholders") were and remain shareholders, directors of MESSAGEMIND MGMT. They are in active control and management of MESSAGEMIND MGMT., regulate the employment of persons employed by MESSAGEMIND MGMT., act directly and indirectly in

the interest of MESSAGEMIND MGMT. in relation to the employees, and are thus employers of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

30.     Defendants MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL, AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" may, along with MESSAGEMIND MANAGMENT be held jointly and severally liable to the Plaintiff because they are among the ten largest shareholders of MESSAGEMIND MGMT. pursuant to New York Business Corporation Law § 630.

31.     Upon information and belief, Defendants MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL,AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" (hereinafter collectively referred to as "Shareholders") were and remain shareholders, directors of MESSAGEMIND, INC. They are in active control and management of MESSAGEMIND, INC., regulate the employment of persons employed by MESSAGEMIND, INC., act directly and indirectly in the interest of MESSAGEMIND, INC. in relation to the employees, and are thus employers of Plaintiff under the Fair Labor Standards Act and New York State Labor Law.

32.     Defendants MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL, AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" may, along with MESSAGEMIND, INC., be held

jointly and severally liable to the Plaintiff because they are among the ten largest shareholders of MESSAGEMIND, INC. pursuant to New York Business Corporation Law § 630.

33.   Upon information and belief, Defendant Members exercised sufficient control of MESSAGEMIND LLC's day-to-day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York State Labor Law.

34. Upon information and belief, Defendant Shareholders exercised sufficient control of MESSAGEMIND MGMT.'s day-to-day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York State Labor Law.

35.   Upon information and belief, Defendant Shareholders exercised sufficient control of MESSAGEMIND INC.'s day-to-day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York State Labor Law.

36.   Upon information and belief, ALVAREZ & MARSAL LLC was a client of MESSAGEMIND LLC and/or MESSAGEMIND, INC.

37.   Upon information and belief, ALVAREZ & MARSAL LLC was and still is a managing member of MESSAGEMIND LLC.

38.   Upon information and belief, ALVAREZ & MARSAL LLC was and still is a shareholder of MESSAGEMIND MANAGEMENT INC.

Upon information and belief, ALVAREZ & MARSAL LLC was and still is a shareholder of MESSAGEMIND, INC.

39.   Upon information and belief, MESSAGEMIND MGMT. is a wholly owned subsidiary of MESSAGEMIND LLC and/or MESSAGEMIND, INC.

40.   Hereinafter, Defendants ALVAREZ & MARSAL LLC, MESSAGEMIND LLC, MESSAGEMIND MANAGEMENT, INC., MESSAGEMIND, INC., C-MAIL, CORP.,

MANISH SOOD, VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY ALVAREZ II, ESQ., ALVAREZ & MARSHAL,AL LAKHANI, ESQ., JOSEPH KAIDANOW, DANIEL I. DEWOLF, ESQ. and "John Does "1-10" shall be collectively referred to as "Defendants".

41.     At all times hereinafter mentioned, Plaintiff DAVID DELONG, was and still is a resident of the County of Orange, State of New York, and was employed by the Defendants from in or about August 2011 through 2014.

## FACTUAL ALLEGATIONS

### DEFENDANTS HAVE WILLFULLY FAILED TO PAY PLAINTIFF FOR ALL WAGES EARNED IN A TIMELY FASHION

42.     In or about August 2011, DELONG executed an Employment Agreement with MESSAGEMIND LLC, MESSAGEMIND MGMT. and/or MESSAGEMIND INC., in which the parties agreed that DELONG's employment would commence on October 2, 2011.

43.     Pursuant to said Employment Agreement, DELONG would be paid by MESSAGEMIND LLC, MESSAGEMIND MGMT. and/or MESSAGEMIND INC. with an annual salary of $115,000.00, to be paid on a "monthly cycle" with "net-30 day" payment terms, ("*the last day of the month or the next business day if the last day of the month happens to be a non-working day*").

44.     DELONG's     employers     and     supervisors     at     MESSAGEMIND     LLC, MESSAGEMIND MGMT., and/or MESSAGEMIND, INC. were Defendant MANISH SOOD, Members, and/or Shareholders.

45.     DELONG's wages have been paid by Defendants MESSAGEMIND LLC, MESSAGEMIND MGMT., and/or MESSAGEMIND, INC. from in or about October 2011 until

in or about October 2013 when Defendants willfully and purposefully ceased paying Plaintiff his earned wages..

46.   Upon information and belief, MESSAGEMIND LLC, MESSAGEMIND MGMT. and/or MESSAGEMIND, INC. may have been responsible for the payment of wages to DELONG and other similarly situated employees.

## WAGES OWED TO THE PLAINTIFF

47.   During the term of his employment, DELONG provided services to MESSAGEMIND for which DELONG was entitled to wages to be paid on a monthly basis on "net-30" payment terms from Defendants.

48.   During the term of his employment DELONG continued to work for Defendants and continued to earn wages which were to be paid by Defendants on a monthly basis.

49.   DELONG earned wages for services provided as an employee of Defendants in or about October 2011 through January 2014, for which he has not been paid by the Defendants, as follows:

(1)   $ 22,500.00 for wages unpaid by the Defendants prior to October 2013, pursuant to an Agreement signed between Plaintiff and Defendants.

(2)   $ 43,653.91 for wages unpaid by the Defendants for the period of October 1, 2013 through January 23, 2014; and

(3)   $ 6,030.75 for reimbursement for unused paid-time-off (PTO) days amounting to 2.14 weeks.

50.   Upon information and belief, Defendants owe Plaintiff no less than $66,153.91 in unpaid wages and $6,030.75 in unreimbursed PTO time, for a total amount owed by Defendants to Plaintiff in an amount no less than $72,184.66.

<u>FRAUDULENT INDUCEMENT FOR PLAINTIFF TO CONTINUE TO WORK</u>

51.   On several occasions Defendants willfully failed to pay DELONG his earned wages on a timely basis.

52.   On several occasions during the period of November, 2013 through January 2014, SOOD and other Defendants fraudulently induced Plaintiff and other MESSAGEMIND employees to continue to work for Defendants despite not getting paid their wages on a timely basis.

53.   Several of these instances were admitted by Defendants in email correspondence, including but not limited to the following:

(1)      November 13, 2013: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising "*Good news...Just wanted to let you know that Mr. Mallick's discussions with Tony and Joseph (our existing investors/board members) today afternoon went very well, and this brings us closer to a long-term funding solution and resolving our delayed payroll situation. They are meeting again tomorrow at 2pm to finalize the deal.*"

(2)      November 10, 2013: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising "*Just wanted to let you know that I had a great meeting with Mr. Mallick and his advisors over the weekend in Washington DC...[H]e is progressing well with his plan on investing in our company in the next few days...Thank you again for your continued great work and focus, ins pite of all the pressure and distractions. In the meanwhile, Let's keep the momentum going on deploying the new customers and closing more deals, while constantly enhancing our technology and customer experience.*"

(3)      November 14, 2013: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising "*Great news...Mr. Mallick and our existing investors/board members agreed on the deal today. Lawyers are now finalizing the paperwork for everyone's signatures.As soon as the paperwork is signed, we will officially announce the deal and Mr. Mallick's new investments will flow in immediately to pay our outstanding payroll plus providing a long term stable funding for our company...Thank you again for your continued support, loyalty, trust and going through these tough times with us. It will never be forgotten.*"

(4)      November 21, 2013: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that "*the payroll for October is scheduled to be*

*processed on November 26th. The payroll for this month, November, is scheduled to be processed on time."*

(5)     November 27, 2013: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that *"[He] just got off the phone with Mr. Mallick (our new investor). His wire transfer of overseas funds into the US is taking more time than anticipated…Due to this [Defendants] could not conduct the October payroll today. [Defendants] are working to process the payroll as soon as possible. [SOOD] will keep you posted on a frequent basis."*

(6)     December 6, 2014: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that Mr. Mallick's overseas wire transfer was still not received and that *"[He] just received a verbal confirmation from Mr. Mallick that his European bank has received all the prerequisites regulatory clearances to wire transfer money to the U.S.…the funds are expected to arrive in the US by Tuesday or Wednesday in the coming week. [Defendants] are expecting the closing to be done as soon as the funds are received, upon which we will immediately clear our pending payroll."* SOOD explains that he would consider payment of payroll to *"h-visa employees"* over other employees due to their immigration concerns.

(7)     January 6, 2014: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that *"Mr. Mallick and I met yesterday and everything looks good. I will be in meetings with our lawyers and investors today…Please stay tuned…In the meanwhile, let's kick-off 2014 with a great momentum on all sides----product development as well as product sales."* the *payroll for October is scheduled to be processed on November 26th. The payroll for this month, November, is scheduled to be processed on time."*

(8)     January 6, 2014: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that *"[ALVAREZ & MARSAL] made some changes to the documents and we are responding to the changes. These changes are manageable. I will let all of you know when the closing is set."*

54.     From January 6, 2014 through January 7, 2014, the Plaintiff and fellow employee Gerardo Delgado questioned the Defendants' intentions regarding their past-due paychecks and regarding SOOD's continuous email correspondence regarding their untimely paid wages. The contents of some of these emails are as follows:

(9)     January 6, 2014: Email Correspondence from Defendants' employee Gerardo Delgado to SOOD and other employees of the Plaintiff asking *"Could [you] please*

*answer this question yes or no. Is the wire that was promised to be in the Escrow account in fact in the Escrow account?"*

(10)   January 6, 2014: Delgado further complains, *"Mr. Mallick is now paying the parties directly from his bank account but what about the payroll? I think I can speak for everyone when I say that we were under the impression that we have been waiting for the past few weeks for a wire transfer to be completed for our paychecks to be issued."*

(11)   January 7, 2014: Email Correspondence from SOOD to Gerardo Delgado and Plaintiff and other employees of Defendants, responding that *"No, and it does not have to be...In the new structure, Mr. Mallick is paying the parties directly from his bank account."*

*(12)*   January 7, 2014: Email Correspondence from SOOD to Plaintiff and other employees of Defendants, advising that *"The deal is moving forward, but I am sorry we could not close it today as I promised...[ALVAREZ & MARSAL] and Joseph proposed some drafts on an alternative deal structure on Friday.*

(13)   January 7, 2014: Email Correspondence from SOOD to Gerardo Delgado, Plaintiff and other employees of the Defendants replying, in part, that *"it was...planned that some of [Mr. Mallick's] money will also be advanced to Messagemind to pay the employees so their partial past payrolls can be cleared while the closing documents are finalized...Now the plan is that money will be directly wired from Mr. Mallick to Tony, Joseph and Messagemind bank accounts (Messagemind to clear payrolls etc) after the deal paperwork is signed. ...In conclusion we wanted Mr. Mallick's cash to be available to complete the deal...The main thing is to make sure Mr. Mallick's "cash" is available and it is ready to be wired to the US, and yesterday he showed me loud and clear that it is."*

55.   Upon information and belief, ALVAREZ & MARSAL, purposefully and intentionally assisted SOOD in the inducement of Plaintiff and other employees to continue to work despite not receiving their earned wages for several months.

56.   Upon information and belief, ALVAREZ & MARSAL, TONY ALVAREZ, and JOSEPH, and other Defendant Members and Shareholders all held an interest in obtaining funds from Mr. Mallick to buy out their shares in MESSAGEMIND LLC, MESSAGEMIND MGMT. and/or MESSAGEMIND, INC. because they knew that MESSAGE MIND could not survive without Mr. Mallick's investment.

57.     Upon information and belief, ALVAREZ & MARSAL, TONY ALVAREZ, and JOSEPH KAIDANOW, and other Defendant Members and Shareholders plotted a scheme with SOOD to continue to induce Plaintiff and other employees of Defendants to continue to work and provide services to MESSAGEMIND through various communications, including, but not limited to the above-referenced email correspondence between SOOD and the Plaintiff and other employees.

58.     This plot was executed by SOOD on behalf of, and by the direction of ALVAREZ & MARSAL, TONY ALVAREZ, JOSEPH KAIDANOW, and other Defendant Members and Shareholders in order to close this alleged deal with Mr. Mallick, so that they could receive the funds for their shares in MESSAGEMIND before the company went into bankruptcy.

59.     Upon information and believe ALVAREZ & MARSAL, TONY ALVAREZ, and JOSEPH, and other Defendant Members and Shareholders knew that MESSAGEMIND was failing but needed Plaintiff and other employees to continue to work in order to create the perception that MESSAGEMIND was a functioning and successful company in order to persuade Mr. Mallick that it was a viable company to invest in.

60.     Upon information and belief, SOOD, ALVAREZ & MARSAL, TONY ALVAREZ, and JOSEPH, and other Defendant Members and Shareholders knew in or before November 2013 that Defendants were filing for bankruptcy and announcing layoffs for all of Defendants' employees over the next several months.

61.     Despite such knowledge, Defendants fraudulently induced Plaintiff and other employees to continue to work for Defendants based upon the false promise that their past-due wages would be paid as soon as investment funds were received by Defendants.

62.   On January 9, 2014, SOOD emailed Plaintiff and other fellow employees of Defendants that "*ALL employees of the Messagemind company are being laid-off today, Jan 8th with a 15-day termination notice.*" Further, SOOD advised in said email that "*employees back salaries will be given the top most creditor priority, and our board already reconfirmed that…*"(emphasis added)

63.   Further, in an email dated January 9, 2014, SOOD explains to Plaintiff and other employees, "*Please rest assured that the employees back salaries will be given the top most creditor priority, and our board already reconfirmed that.*"

64.   Plaintiff, as of the date of the Complaint herein, has not received any payment of wages earned but not paid by Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS
### *(Failure to Pay Timely Wages under New York Labor Law)*

65.   The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "64" with the same force and effect as though the same were set fully at length herein.

66.   DELONG is an "employee" as that term is defined in New York Labor Law § 190(2).

67.   The monies to which DELONG is entitled are wages under New York Labor Law § 190(1).

68.   As DELONG was terminated on January 8, 2014, the Defendants were obligated pursuant to New York Labor Law §§ 191(1)(c) and 191(3) to pay to DELONG all wages still owed on a timely basis.

69.     Failure to pay DELONG his earned wages on a timely basis constitutes a violation of New York Labor Law § 191 et seq.

70.     Defendants failed to pay Plaintiff wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of New York Labor Law §191.3.

71.     As a result of Defendants' violation of the New York Labor Law, DELONG has been injured and is entitled to damages from the Defendants, jointly and severally, in a sum not less than $ 72,184.66, as and for unpaid wages.

72.     Pursuant to New York Labor Law § 198, and as a result of the willful refusal of Defendants to pay DELONG his wages, DELONG is further entitled to recover from Defendants, jointly and severally, liquidated damages to be calculated as one hundred (100%) percent for any unpaid wages and commissions earned thereafter, together with interest thereon.

73.     Pursuant to New York Labor Law § 198, DELONG is further entitled to attorney's fees in an amount to be determined by the trial court herein, together with disbursements and costs.

74.     As a result of the foregoing, DELONG demands judgment against the Defendants under the New York Labor Law for the wages sought above, together with liquidated damages, attorney's fees, costs, disbursements and interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
### *(Unpaid wages under FLSA)*

75.     The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "74" with the same force and effect as though the same were set fully at length herein.

76.    DELONG is an "Employee" as that term is defined in Fair Labor Standards Act ("FLSA") § 203(e)(1).

77.    The commissions to which DELONG is entitled are wages as that term is defined in FLSA § 203(m).

78.    Pursuant to the Employment Agreement, Defendants were to pay DELONG on an ongoing monthly basis.

79.    As DELONG was terminated on January 8, 2014, the Defendants were obligated pursuant to FLSA to pay to DELONG all commissions still owed on a timely basis.

80.    Failure to pay DELONG his earned wages on a timely basis constitutes a violation of the FLSA.

81.    As a result of MESSAGEMIND's violation of the FLSA, DELONG has been injured and is entitled to damages in a sum not less than $ 72,184.66, as and for unpaid wages.

82.    Pursuant to the FLSA, and as a result of the willful refusal of Defendants to pay DELONG his wages, DELONG is further entitled to liquidated damages to be calculated as 100% of the unpaid sum, together with interest thereon.

83.    Pursuant to FLSA, DELONG is further entitled to attorney's fees in an amount to be determined by the trial court herein, together with disbursements and costs.

84.    As a result of the foregoing, DELONG demands judgment against the Defendants under the FLSA for the wages sought above, together with liquidated damages, attorney's fees, costs, disbursements and interest thereon.


## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS
*(Breach of Contract for Unpaid Wages)*

85.    The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "84" with the same force and effect as though the same were set fully at length herein.

86.    DELONG fully performed and complied with all the terms and conditions of the Employment Agreement and earned his wages for the services provided to Defendants pursuant to said Employment Agreement.

87.    Despite DELONG's full performance under the Employment Agreement, Defendants have failed and refused to pay DELONG his earned wages in a timely manner.

88.    Defendants' failure to pay DELONG his earned wages constitutes a breach of the Employment Agreement.

89.    As a result of Defendant's breach of the Employment Agreement, DELONG has been damaged in a sum not less than $ 72,184.66 for unpaid wages and DELONG hereby demands judgment therefore, together with interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (*Unjust Enrichment*)

90.    The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "89" with the same force and effect as though the same were set fully at length herein.

91.    Beginning in or about August 2011 through January 2014, DELONG provided in good faith, approximately two (2) years and seven (7) months of full time work and services to Defendants which resulted in substantial benefit to the Defendants' business interests.

92.    During this time period, Defendants accepted and benefited from DELONG's services without objection or complaint.

93.    As a result of the Plaintiffs work as an employee of Defendants to which Defendants benefited, DELONG reasonably expected that he would be paid his earned wages on a timely basis, pursuant to the Employment Agreement.

94.    Based upon the failure of the Defendants to pay wages to DELONG, the Defendants have been unjustly enriched in an amount not less than $72,184.66.

95.    Wherefore, DELONG is entitled to reasonable value of services rendered to Defendants in an amount no less than $72,184.66.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### *(Violation of Implied Duty of Good Faith and Fair Dealing)*

96.    The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "95" with the same force and effect as though the same were set fully at length herein.

97.    The Employment Agreement contains an implied duty of good faith and fair dealing.

98.    Upon information and belief, the Defendants, intending to deprive DELONG of wages due to him under the Employment Agreement, breached their duty of good faith and fair dealing by, among other things, willfully and intentionally withholding and refusing to timely pay DELONG his earned wages.

99.    There is and was no legitimate basis for denying or delaying payment of earned wages to DELONG.

100.   As a result of Defendants' breach of its duty of good faith and fair dealing, DELONG has been damaged in an amount to be determined upon the trial of this action, and DELONG demands judgment therefore, together with interest thereon.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (*Violation of the Wage Theft Prevention Act: New York Labor Law*)

101. The Plaintiff repeats and realleges each and every allegation and statement of fact contained in paragraphs "1" through "100" with the same force and effect as though the same were set fully at length herein.

102. New York Labor Law § 195 requires Defendants to provide Plaintiff with accurate wage statements on a regular and consistent basis and to preserve those records for a period of six years.

103. Those statements must include: Plaintiffs rate or rates of pay, including overtime rate of pay; where applicable; how Plaintiffs are paid; and any allowances taken as part of the minimum wage.

104. Defendants failed to furnish accurate statements in compliance with the Wage Theft Prevention Act.

105. Due to Defendant's violation of New York State Law, Plaintiff is entitled to recover from Defendants an award of statutory damages in the amount of $50 per employee per week, up to $2,500, plus costs interest and reasonable attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (*Fraudulent Inducement*)

106. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "105" with the same force and effect as it fully set forth at length herein.

107. Upon information or belief, Defendants knowingly and intentionally mislead Plaintiff, thereby inducing him to continue to work for Defendants without being timely paid his earned wages.

108.   Upon information and belief, Defendants had no intention of paying Plaintiff his earned wages at any time.

109.   Plaintiff did reasonably rely on the misrepresentations made by Defendants, and were improperly and fraudulently induced to continue to work for Defendants without receiving his earned wages in a timely fashion.

110.   As a result of the fraudulent inducement by Defendants, Plaintiff has sustained damages not yet to be determined, but believed to be in excess of $72,184.66.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS

### (*Fraud*)

111.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "110" with the same force and effect as it fully set forth at length herein.

112.   Upon information and belief, Defendants did knowingly, willingly, intentionally and purposely engage in fraudulent behavior.

113.   Upon information and belief, such actions of Defendants are willful and egregious and the same should subject Defendants to punitive damages.

114.   Plaintiffs are thus entitled to punitive damages in an amount equal to three times the injury in a sum not yet to be determined.

## DEMAND FOR JURY TRIAL

115. Plaintiff demands trial by jury of all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DELONG, respectfully requests judgment as follows:

(a)   as and for his FIRST cause of action against Defendants for failure to pay wages in the amount of twice the unpaid wages, no less than $ 144,369.32, for all wages earned, plus reasonable attorney's fees, plus interest and penalties as may be provided by law;

(b)   as and for his SECOND cause of action against Defendants for failure to pay wages in the amount of twice the unpaid wages, no less than $ 144,369.32, reasonable attorney's fees, plus interest and penalties as may be provided by law;

(c)     As and for his THIRD cause of action against Defendants for breach of Plaintiff's Employment Agreement in an amount not less than $72,184.66, plus interest and penalties as may be provided by law;

(d)     as and for his FOURTH cause of action against Defendants for unjust enrichment in an amount no less than $72,184.66, together with interest thereon;

(e)     as and for his FIFTH cause of action against Defendants for breach of implied duty of good faith and fair dealing, in an amount to be determined upon the trial of this action; together with interest thereon;

(f)     as and for his SIXTH cause of action against Defendants for violation of the Wage Theft Prevention Act under New York Labor Law Section 195, in an amount no less than $2,500.00;

(g)     as and for his SEVENTH cause of action against Defendants for fraudulent inducement, in an amount to be determined upon the trial of this action, but no less than an amount equal to three times the injury, together with interest thereon;

(h)     as and for his EIGHTH cause of action against Defendants for fraud, in an amount to be determined upon the trial of this action, but no less than an amount equal to three times the injury, together with interest thereon;

(i)     together with the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated:  Mineola, New York
        April 16, 2014

Michael J. Romano
Romano & Associates
*Attorneys for Plaintiff*
220 Old Country Road
Mineola, New York 11501
(516) 248-8880

22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------X

DAVID DELONG,

                             **Plaintiff,**

     -against-
                                                    **ATTORNEY**
                                                    **VERIFICATION**

ALVAREZ & MARSAL LLC, MESSAGEMIND LLC,
MESSAGEMIND, INC., MESSAGEMIND
MANAGEMENT, INC., C-MAIL CORP., MANISH SOOD,
VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA
ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY
ALVAREZ II, ESQ., AL LAKHANI, ESQ., JOSEPH
KAIDANOW, DANIEL I. DEWOLF, ESQ.,
and "John Does "1-10",

                            **Defendants.**

--------------------------------------------------------------------

        Michael J. Romano, an attorney at law admitted to practice in the State of New York, and member of Romano & Associates, under the penalty of perjury affirms:

        1.      I am the attorney for the Plaintiff herein and as such, I am fully familiar with the facts in this action.

        2.      Pursuant to a review of the contents of my file, my discussions with my Client, I submit this verification as to the Summons and Verified Complaint by the Plaintiff.

        3.      The reason why this Verification is being submitted by your Affiant and not by Affidavit of the Plaintiff, is due to the fact that the Plaintiff resides in a county other than a county where I maintain my office.

Dated:  Mineola, New York
         April 16, 2014

                                              _____
                                              Michael J. Romano

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DAVID DELONG

                                    Plaintiff,


                  -against-


ALVAREZ & MARSAL LLC, MESSAGEMIND LLC,
MESSAGEMIND, INC., MESSAGEMIND
MANAGEMENT, INC., C-MAIL CORP., MANISH SOOD,
VICTOR ALVAREZ, ALAIN OBERROTMAN, MONICA
ALVAREZ-MITCHELL, MICHAEL J. SHER, TONY
ALVAREZ II, ESQ., AL LAKHANI, ESQ., JOSEPH
KAIDANOW, DANIEL I. DEWOLF, ESQ.,
and "John Does "1-10",

                          Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**Romano & Associates**
*Attorneys for Plaintiff*
220 Old Country Road
Mineola, New York 11501
(516) 248-8880

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*
Dated: April 16, 2014

Signature:..................................................................
Print Signer's Name:  Dustin A. Levine


*Dated:*   April 16, 2014

                          **Romano & Associates**
                          *Attorneys for Plaintiff*
                          220 Old Country Road
                          Mineola, New York 11501
                          (516) 248-8880

To:      ALVAREZ & MARSAL LLC, 600 Madison Avenue, 8th Floor, New York, NY 10022
MESSAGEMIND LLC, One Penn Plaza, 36th Floor, New York, NY 10119
MESSAGEMIND, INC., One Penn Plaza, 36th Floor, New York, NY 10119
MESSAGEMIND MANAGEMENT, INC., One Penn Plaza, 36th Floor, New York, NY 10119
C-MAIL CORP., 666 3rd Avenue #24, New York, NY 10017
MANISH SOOD, One Penn Plaza, 36th Floor, New York, NY 10119
VICTOR ALVAREZ, 600 Madison Avenue, 8th Floor, New York, NY 10022
ALAIN OBERROTMAN, One Penn Plaza, 36th Floor, New York, NY 10119
MONICA ALVAREZ-MITCHELL, MAlvarez@messagemind.com
MICHAEL J. SHER, One Penn Plaza, 36th Floor, New York, NY 10119
TONY ALVAREZ II, ESQ., 600 Madison Avenue, 8th Floor, New York, NY 10022
AL LAKHANI, ESQ., 600 Madison Avenue, 8th Floor, New York, NY 10022
JOSEPH KAIDANOW, One Penn Plaza, 36th Floor, New York, NY 10119
DANIEL I. DEWOLF, ESQ., 666 3rd Avenue #24, New York, NY 10017